UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL,<br><br>    Petitioner,<br><br>    v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>    Respondent. | No. 1:18-cv-01578-JLT (HC)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>[THIRTY-DAY DEADLINE] |

A preliminary review of the petition reveals that the petition is untimely and should be dismissed. Therefore, the Court will order Petitioner to show cause why the petition should not be dismissed for violation of the statute of limitations.

**I.**    **DISCUSSION**

    A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that a court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Id. at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.     Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997). The instant petition was filed on November 16, 2018, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner is challenging his conviction of November 29, 1976 for

| | |
|---|---|
| 1 | first and second-degree robbery. (Doc. 1 at 1). He was committed to the Department of |
| 2 | Corrections and Rehabilitation Division of Juvenile Justice (formerly the Department of the |
| 3 | Youth Authority) by the Fresno County Superior Court on April 17, 1979. (Doc. 1 at 56.) His |
| 4 | commitment ended in 1980 whereupon he was discharged. (Doc. 1 at 56.) |

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Because it appears that Petitioner did not file a notice of appeal, his direct review concluded on January 28, 1977, when the sixty-day period for filing a notice of appeal expired. Given that the conviction became final prior to the enactment of AEDPA, the one-year statute of limitations commenced on April 25, 1996 (the day after AEDPA was enacted), and concluded on April 24, 1997. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).

Petitioner filed the instant petition on November 16, 2018, which is over 21 years after the date the statute of limitations expired. Thus, the instant petition appears to be untimely and should be dismissed. However, pursuant to Herbst, Petitioner will be given an opportunity to respond and provide any additional evidence or information he has pertinent to the issue of timeliness. If Petitioner's response is not persuasive and determinative on the issue, the Court will recommend that the petition be dismissed as untimely.

## II.    ORDER

For the foregoing reasons, the Court **ORDERS**:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

///

///

///

**Petitioner is advised that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **November 20, 2018**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE