UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL,<br><br>Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>Respondent. | No. 1:18-cv-01578-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR VIOLATION OF STATUTE OF LIMITATIONS<br><br>[TWENTY-ONE DAY DEADLINE] |

On November 16, 2018, Petitioner filed the instant habeas petition. The Court conducted a preliminary review of the petition and determined that the petition appeared to be untimely. On November 21, 2018, the Court directed Petitioner to show cause why the petition should not be dismissed for violation of the statute of limitations. On December 11, 2018, Petitioner responded to the order to show cause. Upon review of Petitioner's response, it is clear the petition is untimely. Accordingly, the Court will **RECOMMEND** the petition be **DISMISSED**.

**I.    DISCUSSION**

   A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that a court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Id. at 1041-42. By issuing the order to show cause, the Court has afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997). The instant petition was filed on November 16, 2018, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Petitioner is challenging his conviction of November 29, 1976, for first and second-degree robbery. (Doc. 1 at 1). He was committed to the Department of Corrections and Rehabilitation Division of Juvenile Justice (formerly the Department of the Youth Authority) by the Fresno County Superior Court on April 17, 1979. (Doc. 1 at 56.) His commitment ended in 1980 whereupon he was discharged. (Doc. 1 at 56.)

California state law governs the period within which prisoners may appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Petitioner did not file a notice of appeal; therefore, his direct review concluded on January 28, 1977, when the sixty-day period for filing a notice of appeal expired. Given that the conviction became final prior to the enactment of AEDPA, the one-year statute of limitations commenced on April 25, 1996 (the day after AEDPA was enacted), and concluded on April 24, 1997. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).

As mentioned, Petitioner filed the instant petition on November 16, 2018, which is over 21 years after the date the statute of limitations expired. The Court granted Petitioner an opportunity to respond and provide any additional evidence or information he has pertinent to the issue of timeliness. In his response, Petitioner cites to §2244(d)(1)(D) and claims the statute should not commence running until 2018 when the 1976 was used for the first time as a prior conviction. He contends that he had not suffered any adverse judicial or penal sanctions between 1980, when he completed his sentence on the 1976 conviction, and 2017, when the 1976 conviction was used as a prior conviction.

Petitioner's arguments are not persuasive. The fact that Petitioner did not suffer any adverse judicial or penal sanctions from 1980 to 2017 is immaterial. He did suffer adverse

3

judicial and penal sanctions due to the 1976 conviction: he was convicted and he served a sentence until his release in 1980. His 1976 conviction became final on January 28, 1977. It was at this time that his 1976 conviction was open to challenge.[1] Petitioner claims he was denied the right to counsel and personal presence at the 1976 conviction. Clearly, Petitioner knew of or could have discovered the relevant facts supporting those claims (i.e., that he was denied counsel and he was not present) at the time of trial, not decades later. Under § 2244(d)(1)(D), the one-year limitations period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). This, the petition should be dismissed as untimely.

**II.     ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**III.    RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v.

---

[1] As previously noted, the conviction became final prior to the enactment of AEDPA; therefore, Petitioner could have timely raised his claims concerning the 1976 conviction prior to April 24, 1997. Malcom, 281 F.3d at 955.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **December 12, 2018**           **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE