UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>　　　　　　Respondent. | No. 1:18-cv-01578-JLT (HC)<br><br>ORDER DIRECTING PARTIES TO BRIEF ISSUE OF CUSTODY<br><br>[SIXTY-DAY DEADLINE] |

On November 16, 2018, Petitioner filed a petition for writ of habeas corpus. The Court construed the claims as challenging Petitioner's 1976 conviction and recommended the petition be dismissed as untimely. Petitioner filed objections and clarified that he was in custody for his 2017 conviction, but the 1976 conviction was unlawfully used to enhance the 2017 conviction. Acknowledging that the 1976 sentence has fully expired and he is no longer in custody to challenge that conviction, Petitioner asserts that the custody requirement is met in this case, because his challenge to the 1976 conviction is a failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). If his rights under Gideon were violated in the 1976 conviction and that conviction was used to enhance the 2017 conviction, Petitioner is correct that he would be "in custody" to challenge a failure to appoint counsel in the 1976 conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). Nevertheless, the Court is unable to make this determination without further briefing by the parties.

1

**ORDER**

Accordingly, the Court ORDERS:

1) Respondent is DIRECTED to brief, within sixty days of the date of service of this order, the issue whether Petitioner is in custody to challenge the 1976 conviction; and
2) Petitioner MAY file a reply brief within thirty days after Respondent's brief is filed.

IT IS SO ORDERED.

Dated: __**January 9, 2019**__     /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE