UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEON GREENHILL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARREN L. MONTGOMERY, Warden,<br><br>　　　　　　Respondent. | Case No. 1:18-cv-01578-LJO-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY DEADLINE] |

On November 16, 2018, Petitioner filed the instant habeas petition. The Court conducted a preliminary review of the petition and determined that it appeared to be untimely. On November 21, 2018, the Court directed Petitioner to show cause why the petition should not be dismissed for violation of the statute of limitations. On December 11, 2018, Petitioner responded to the order to show cause. Upon review of Petitioner's response, the Court recommended the petition be dismissed. On December 21, 2018, Petitioner filed objections. In light of Petitioner's objections, the Court vacated the Findings and Recommendations on January 9, 2019, and directed the parties to provide further briefing on the issue of custody. On May 10, 2019, Respondent filed a response to the Court's order and moved to dismiss the petition. The Court agrees with Respondent and will **RECOMMEND** the petition be **DISMISSED WITH PREJUDICE.**

## I. DISCUSSION

In his petition, Petitioner raised claims concerning his conviction of November 29, 1976, for first and second-degree robbery. (Doc. 1 at 1). His commitment for the 1976 conviction ended in 1980. (Doc. 1 at 56.) As the Court previously determined and the parties acknowledge, any direct challenge to the 1976 conviction is time-barred since the instant petition was filed 21 years after the expiration of the statute of limitations. In addition, Petitioner's commitment under the 1976 conviction ended in 1980 so he is no longer in custody on that conviction.

Acknowledging these facts, Petitioner claims he is not challenging the 1976 conviction directly but that it was used to enhance his 2018 conviction. As Petitioner concedes, the Supreme Court's holding in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), is controlling:

> [H]ere is the question we explicitly left unanswered in *Maleng*: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] sentence which it was used to enhance." 490 U.S. at 494. We encountered this same question in the § 2255 context in *Daniels v. United States*. . . We held there that "if . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255." *Ante*, at 8. We now extend this holding to cover §2254 petitions directed at enhanced state sentences.

Id. at 402.

Nevertheless, an exception to Lackawanna exists where there has been a complete failure to appoint counsel in violation of the Sixth Amendment pursuant to Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. Petitioner claims he "was a[n] indigent defendant and was not appointed Pro Forma Counsel by the Court at any time. . ." (Doc. 1 at 4, 5, 8, 13.) However, as Respondent correctly notes, Petitioner was in fact represented by counsel, Jerry Henry, in his 1976 conviction. (Doc. 1 at 34.) Thus, Petitioner was not denied counsel in violation of the Sixth Amendment. Accordingly, he is not in custody to challenge the 1976 conviction and the petition should be dismissed.

## II. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to

dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 17, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE